IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2014 JUL 17 A 10: 56
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JOHNSON OUTDOORS INC. and JOHNSON OUTDOORS MARINE ELECTRONICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GARMIN INTERNATIONAL, INC., GARMIN NORTH AMERICA, INC., and GARMIN USA, INC. <br><br> Defendants. | Civil Action No.: 2:14-cv-683 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Johnson Outdoors Inc. ("Johnson Outdoors") and Johnson Outdoors Marine Electronics, Inc., d/b/a Humminbird ("Humminbird" and together with Johnson Outdoors, "Plaintiffs"), for their Complaint against Garmin International, Inc., Garmin North America, Inc. and Garmin USA, Inc. (collectively "Garmin") hereby allege as follows:

### NATURE OF THE ACTION

1. This is an action against Garmin for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. Plaintiff Johnson Outdoors is a corporation organized and existing under the laws of the State of Wisconsin, having a principal place of business at 555 Main Street, Racine, Wisconsin 53403.

3. Plaintiff Humminbird is a wholly owned subsidiary of Johnson Outdoors. Humminbird is a corporation organized and existing under the laws of the State of Alabama, having a principal place of business at 678 Humminbird Lane, Eufaula, Alabama 36027.

4. Defendant Garmin International, Inc. is a company organized and existing under the laws of the State of Kansas, having a principal place of business at 1200 East 121st Street, Olathe, Kansas 66062.

5. Defendant Garmin North America, Inc. is a company organized and existing under the laws of the State of Kansas, having a principal place of business at 1200 East 121st Street, Olathe, Kansas 66062.

6. Defendant Garmin USA, Inc. is a company organized and existing under the laws of the State of Kansas, having a principal place of business at 1200 East 121st Street, Olathe, Kansas 66062.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over each Defendant because each Defendant has committed acts of infringement in this District, and is selling and offering to sell through authorized retailers certain products that infringe or when used as directed by Garmin infringe (the "Infringing Products") Plaintiffs' patents in this District, causing harm to Johnson Outdoors and Humminbird, a citizen of this District. Moreover, Garmin regularly conducts business with and ships products, including the Infringing Products, to authorized retailers in this District and has substantial contacts with this District; because it has interactive websites, including http://buy.garmin.com, http://www.garmin.com and http://www8.garmin.com, through

which it sells, offers for sale, advertises and promotes the Infringing Products, as well as other products, in this District; and because it directs and permits owners of Garmin products in this District to download software from its interactive websites, including http://www8.garmin.com, to enable the functionality of the Infringing Products.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PATENTS-IN-SUIT

10. United States Patent No. 7,652,952 ("the '952 Patent"), entitled "Sonar Imaging System for Mounting to Watercraft," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 26, 2010 to Johnson Outdoors as assignee of the inventors David A. Betts, Robert W. Derrow and David J. Howells. Since its issuance, Johnson Outdoors has been and remains the sole owner of the '952 Patent.

11. On or about October 17, 2011, a third party request for an *ex parte* reexamination of the '952 Patent was filed in the USPTO. On July 30, 2013, the USPTO issued an *Ex Parte* Reexamination Certificate. A true copy of the '952 Patent, including a March 9, 2010 Certificate of Correction and the July 30, 2013 *Ex Parte* Reexamination Certificate, is attached as Exhibit 1.

12. United States Patent No. 7,710,825 ("the '825 Patent"), entitled "Side Scan Sonar Imaging System with Boat Position on Display," was duly and legally issued by the USPTO on May 4, 2010 to Johnson Outdoors as assignee of the same inventors. Since its issuance, Johnson Outdoors has been and remains the sole owner of the '825 Patent.

13. On or about October 17, 2011, a third party request for an *ex parte* reexamination of the '825 Patent was filed in the USPTO. On May 8, 2013, the USPTO issued an *Ex Parte* Reexamination Certificate. A true copy of the '825 Patent, including a June 11,

2013 Certificate of Correction and the May 8, 2013 *Ex Parte* Reexamination Certificate, is attached as Exhibit 2.

14. United States Patent No. 7,755,974 ("the '974 Patent"), entitled "Side Scan Sonar Imaging System with Enhancement," was duly and legally issued by the USPTO on July 13, 2010 to Johnson Outdoors as assignee of the same inventors. Since its issuance, Johnson Outdoors has been and remains the sole owner of the '974 Patent.

15. On or about October 17, 2011, a third party request for an *ex parte* reexamination of the '974 Patent was filed in the USPTO. On May 13, 2013, the USPTO issued an *Ex Parte* Reexamination Certificate. A true copy of the '974 Patent, including a July 30, 2013 Certificate of Correction and the May 13, 2013 *Ex Parte* Reexamination Certificate, is attached as Exhibit 3.

16. Since their issuance, Humminbird has been and remains the exclusive licensee under the '952, '825 and '974 Patents, subject only to a limited non-exclusive license granted by Johnson Outdoors and Humminbird to a third party. Under its exclusive license, Humminbird manufactures in this District products that embody the '952, '825 and '974 Patents and, together with Johnson Outdoors, has the right to sue for any and all infringements thereof.

## HUMMINBIRD'S SIDE IMAGING® PRODUCTS

17. In the early 2000s, Humminbird employees invented a new boat-mounted sonar system that uses side scan sonar beams to locate fish and underwater structures. This new sonar system, because for example of its size, cost and performance, offered recreational fisherman the first fishfinder that presented high resolution imagery—clear, detailed and recognizable images on both sides and below a boat.

18. The first products were introduced into the marketplace by Humminbird in March 2005 that employ this now patented side scan sonar technology. In the years that followed, Humminbird has sold an array of side scan sonar products under its Side Imaging® registered trademark. Humminbird's Side Imaging® products are covered by claims of each of the '952, '825 and '974 Patents.

19. The marketplace has enthusiastically accepted these Humminbird side scan sonar products. They have become the industry leading high-end, premium sonar fishfinders used for inland (freshwater) and near-shore (saltwater) sports fishing and recreational boating.

20. Sales of the Humminbird's Side Imaging® products have grown accordingly, even despite the difficult market for the recreational boating and fishing industries. The Humminbird Side Imaging® products are Humminbird's most important and profitable products. Side scan sonar is now a "must have" product for many recreational fishermen—a market singularly created by Humminbird.

21. Humminbird Side Imaging® products have received very positive testimonials from actual users and opinion leaders in the industry. For example:

   a. In an article written by Allan Tarvid entitled *Painting with Sonar* (April 2005 edition of Bass and Walleye Boats magazine), the author described how the sonar images of conventional fishfinders made it "difficult to tell" what was displayed or comprised "confusing blob[s]," such that "the skill to consistently identify screen details" in those conventional sonars "still calls for long hours of practice,"—but "Humminbird just changed all that." Under a heading entitled "NEAR PICTURE-PERFECT," the author continued that the Side Imaging® technology "delivers a screen picture more like the one these new users have

been looking for. Trees look like trees, rocks look like rocks, and only fish and schools of bait look slightly rounded."

        b.     In an article entitled *A Look at Humminbird's Do-Everything 987c SI* (February 2006 edition of Great Lakes Angler magazine), Mr. Tarvid also wrote that "[o]ne of the neatest sportfishing refinements" to sonar principles he has seen "that can really help catch fish is Humminbird's new side-imaging technology."

        c.     In an article written by Capt. Blaine Anderson entitled *Side Imaging Success* (March 2007 edition of On the Water magazine), the author stated that he was "stunned by the detail" of screen shots from a Side Imaging® display, "[t]his was the advantage that I had been looking for," and "I can unequivocally state that it has changed the way that I fish."

        d.     In an article written by Louise Stout entitled *Matsubu's Generosity Pattern* (November 2007 edition of BASS Times magazine) reporting professional fisherman Ben Matsubu's victory at the 2007 Bassmaster Classic bass fishing tournament, the author wrote that Mr. Matsubu credited his Humminbird Side Imaging® unit with helping him find underwater locations with fish and quoted Mr. Matsubu: "I'm telling you, there's no way I could have found all of those patches without the side imaging . . . . I could spot those weeds 150 feet away."

        e.     In an article written by John Page Williams entitled *Glancing Sideways* (May 2011 edition of Chesapeake Bay magazine), the author stated that despite past attempts of various companies to "tinker" with recreational side scan sonar, "truly useful units have appeared only in the last five [years] or so" starting with Humminbird and that these products can produce a "remarkably clear and detailed picture of what lies below" in more than 200 feet of water in some units.

22. Humminbird Side Imaging® products have received many industry awards, including, for example, the 2006 International Convention of Allied Sportsfishing Trades (ICAST) Best in Show Award for Electronics, the 2008 Innovation Award for Marine Electronics at the Seawork Exhibition in Great Britain, and the 2008 Technical Innovation of the Year at the Fishing News Awards, also in Great Britain.

## GARMIN'S INFRINGING ACTIVITIES

23. Upon information and belief, Garmin has long been engaged in the business of making and selling marine sonar products, including fishfinder systems and their components. Upon information and belief, Garmin's marine sonar products have been losing market share to Humminbird's marine sonar products because Garmin did not have a side scan sonar product that provided high resolution imagery.

24. Upon information and belief, determined to narrow the performance gap and thereby compete more effectively against Humminbird's Side Imaging® products, Garmin decided to market its own side scan sonar Infringing Products—the Garmin SideVü/DownVü sonar imaging transducer (part number 010-12089-00), the Garmin GCV 10 sounder module, and compatible Garmin echoMAP and GPSMAP series sonar displays, including but not limited to the Garmin echoMAP 70dv and 70s and GPSMAP 721, 721xs, 741, 741xs, 820, 820xs, 840xs, 1020, 1020xs and 1040xs sonar displays—that utilize Humminbird's patented side scan sonar technology.

25. According to Garmin Ltd.'s 2013 Form 10-K Annual Report, Garmin introduced "DownVü™ and SideVü™, which is Garmin's down and side-scanning sonar technology that provides high resolution imagery" in February 2014.

26. Upon information and belief, retailers of marine products have been and are offering the Infringing Products for sale in this District and throughout the United States.

27. Upon information and belief, Garmin directly infringes one or more claims of the '952, '825 and '974 Patents by making, selling, and offering to sell in the United States, or importing into the United States, SideVü/DownVü sonar imaging transducers to be mounted to boats and operably connected per their instructions to GCV 10 sounder modules and compatible echoMAP or GPSMAP sonar displays, and/or by using boat-mounted SideVü/DownVü sonar imaging transducers operably connected to GCV 10 sounder modules and compatible echoMAP or GPSMAP sonar displays. Similarly, third party users of the Infringing Products, deploying them in accordance with Garmin's user manual instructions, also directly infringe one or more claims of the '952, '825 and '974 Patents.

28. Upon information and belief, Garmin has also actively induced, and continues to actively induce, the direct infringement of one or more claims of the '952, '825 and '974 Patents by others, with specific intent, for example, by encouraging and facilitating users of the Infringing Products to mount SideVü/DownVü sonar imaging transducers to boats and operably connect those transducers to GCV 10 sounder modules, and the GCV 10 sounder modules to compatible echoMAP or GPSMAP sonar displays, so as to infringe the '952, '825 and '974 Patents. Garmin, upon information and belief, among other things advertises the Infringing Products, publishes datasheets and promotional literature describing the installation and operation of the Infringing Products, creates and/or distributes user manuals for the Infringing Products, and offers support and technical assistance to its customers, all with the intention of instructing and encouraging users of the Infringing Products to deploy them so as to infringe one or more claims of the '952, '825 and '974 Patents.

29. Upon information and belief, Garmin knows or should know, at least as a result of the filing and/or receipt of this complaint, that when the Infringing Products are deployed in the manner Garmin promotes, there is a direct infringement of one or more claims of the '952, '825 and '974 Patents.

30. Moreover, Garmin has had knowledge of the '952, '825 and '974 Patents since at least March 28, 2012—nearly two years before Garmin introduced the Infringing Products into the marketplace—when Garmin International, Inc. filed a pleading in *Navico, Inc. v. Garmin Int'l, Inc.*, No. CJ-2012-01444 (Okla. Dist. Ct., Tulsa County) that specifically refers to them: "In Johnson Outdoors, Inc. and Johnson Outdoors Marine Electronics, Inc. v. Navico, Inc. (Case No. 2:10-CV-67-WKW-CSC, United States District Court, Middle District of Alabama, Northern Division), competitor Johnson Outdoors sued Navico for infringement of its FSP [freshwater sonar products] sonar patents." Garmin also attached an exhibit to that pleading that specifically referred to the '952, '825 and '974 Patents.

31. Upon information and belief, Garmin has also contributed, and continues to contribute, to the infringement of one or more claims of the '952, '825 and '974 Patents by users of the Infringing Products, by selling or offering to sell within the United States, or importing into the United States, components of the patented systems. These components include but are not limited to the aforementioned SideVü/DownVü sonar imaging transducers, the GCV 10 sounder modules, and/or compatible echoMAP or GPSMAP sonar displays, all of which constitute material parts of the inventions described in the '952, '825 and '974 Patents.

32. Upon information and belief, these components are known, or should have been known, by Garmin to be especially made or especially adapted for use in the infringement of the '952, '825 and '974 Patents, and are not staple articles or commodities of commerce

suitable for substantial non-infringing use. For example, Garmin instructs its customers to deploy the Infringing Products so as to create sonar imaging systems that infringe one or more claims of the Asserted Patents, *i.e.*, to mount SideVü/DownVü sonar imaging transducers to boats and operably connect those transducers to GCV 10 sounder modules, and the GCV 10 sounder modules to compatible echoMAP or GPSMAP sonar displays.

33. Upon information and belief, Garmin's infringement of each of the '952, '825 and '974 Patents has been and continues to be deliberate and willful, despite knowing of its infringement and/or having an objectively high likelihood that its actions constitute infringement and/or having a deliberate disregard of, or being willfully blind to, its infringement.

34. Plaintiffs have not licensed or otherwise authorized Garmin or its customers to make, use, sell, offer to sell or import sonar imaging systems covered by one or more claims of the '952, '825 and '974 Patents, or components thereof.

35. As a result of Garmin's infringing activities, Johnson Outdoors and Humminbird have suffered substantial and irreparable harm and lack an adequate remedy at law. Unless restrained and enjoined by this Court, Garmin will continue its infringing activities, thereby causing Johnson Outdoors and Humminbird further irreparable harm.

## CLAIMS FOR RELIEF

### COUNT I: INFRINGEMENT OF THE '952 PATENT UNDER 35 U.S.C. § 271

36. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

37. Garmin has directly infringed, contributorily infringed, and/or actively induced others to infringe the '952 Patent by making, using, selling or offering to sell within the United States and/or importing into the United States the inventions defined by one or more

claims of the '952 Patent, without authority or license of Johnson Outdoors or Humminbird, including at least claims 1-4, 6, 8, 17-18, 21-23, 25-36, 38-44 and 52-56.

38.     By reason of Garmin's infringing activities, Johnson Outdoors and Humminbird have suffered, and will continue to suffer, substantial damages in an amount to be proven at trial and are entitled to preliminary and permanent injunctions restraining and enjoining Garmin from infringing the claims of the '952 Patent.

### COUNT II: INFRINGEMENT OF THE '825 PATENT UNDER 35 U.S.C. § 271

39.     Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

40.     Garmin has directly infringed, contributorily infringed, and/or actively induced others to infringe the '825 Patent by making, using, selling or offering to sell within the United States and/or importing into the United States the inventions defined by one or more claims of the '825 Patent, without authority or license of Johnson Outdoors or Humminbird, including at least claims 1-8, 11-12, 16 and 18-29.

41.     By reason of Garmin's infringing activities, Johnson Outdoors and Humminbird have suffered, and will continue to suffer, substantial damages in an amount to be proven at trial and are entitled to preliminary and permanent injunctions restraining and enjoining Garmin from infringing the claims of the '825 Patent.

### COUNT III: INFRINGEMENT OF THE '974 PATENT UNDER 35 U.S.C. § 271

42.     Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

43.     Garmin has directly infringed, contributorily infringed, and/or actively induced others to infringe the '974 Patent by making, using, selling or offering to sell within the

United States and/or importing into the United States the inventions defined by one or more claims of the '974 Patent, without authority or license of Johnson Outdoors or Humminbird, including at least claims 1, 6, 9-11, 13-14, 18, 21-23, 25-28 and 32-34.

44.   By reason of Garmin's infringing activities, Johnson Outdoors and Humminbird have suffered, and will continue to suffer, substantial damages in an amount to be proven at trial and are entitled to preliminary and permanent injunctions restraining and enjoining Garmin from infringing the claims of the '974 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment that:

A.   Pursuant to 35 U.S.C. § 271, Garmin has directly infringed, has contributorily infringed and has induced others to infringe the '952, '825 and '974 Patents;

B.   Pursuant to 35 U.S.C. § 283, Garmin and its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, successors, and assigns, and all other persons and organizations in active concert or participation with them, be preliminarily and permanently enjoined from infringing the '952, '825 and '974 Patents;

C.   Pursuant to 35 U.S.C. § 284, Garmin be ordered to pay Plaintiffs their damages adequate to compensate Plaintiffs for Garmin's infringement of the '952, '825 and '974 Patents, together with pre-judgment and post-judgment interest and costs;

D.   Awards Plaintiffs an accounting for acts of infringement not presented at trial and an award by the Court of additional damages for such acts of infringement;

E.   Pursuant to 35 U.S.C. § 284, awards treble damages due to the willful and deliberate nature of Garmin's infringement of the '952, '825 and '974 Patents;

  F. Pursuant to 35 U.S.C. § 285, this case be declared exceptional and that Plaintiffs be awarded their reasonable attorney fees, interest and costs; and

  G. Plaintiffs be granted such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable.

Respectfully submitted,

Dated: July 17, 2014

_/s/ G. Lane Knight_
David R. Boyd (ASB-0717-D52D)
G. Lane Knight (ASB-6748-I72K)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101-0078)
Montgomery, AL 36104
Tel.: (334) 834-6500
Fax: (334) 269-3115
dboyd@balch.com
lknight@balch.com

Edward E. Vassallo (NY1181890)
Douglas Sharrott (NY2675213)
Andrew Kutas (NY4905063)
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
Tel.: (212) 218-2100
Fax: (212) 218-2200
evassallo@fchs.com
dsharrott@fchs.com
akutas@fchs.com

*Counsel for Plaintiffs*
*Johnson Outdoors Inc. and*
*Johnson Outdoors Marine Electronics, Inc.*

**SERVICE OF THE FOLLOWING DEFENDANTS**
**BY CERTIFIED MAIL:**

Garmin International, Inc.
1200 East 121st Street
Olathe, Kansas 66062


Garmin North America, Inc.
1200 East 121st Street
Olathe, Kansas 66062


Garmin USA, Inc.
c/o National Registered Agents, Inc.
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104